[Cite as *State v. Sandoval*, 2014-Ohio-4972.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                        Court of Appeals Nos.  S-13-032
                                                                                          S-13-034
                    Appellee
                                                    Trial Court No.  00 CR 199

v.

Manuel Sandoval, Jr.                                **DECISION AND JUDGMENT**

                    Appellant                       Decided:  November 7, 2014

* * * * *

Thomas L. Steirwalt, Sandusky County Prosecutor, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Manuel Sandoval, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} We consider appeals by Manuel Sandoval, Jr., appellant, of judgments filed

in the Sandusky County Court of Common Pleas on September 20, 2013, and October 8,

2013.  The September 20, 2013 judgment denied appellant's Civ.R. 33(B) motion for

leave to file a motion for a new trial based upon newly discovered evidence. The

October 8, 2013 judgment denied appellant's motion for postconviction relief. Although

filed as separate appeals, we have consolidated the appeals for proceedings in this court.

## Case History

{¶ 2} Appellant was convicted and sentenced for the murder of Alfredo Perez in

the year 2000 pursuant to a guilty verdict returned by a jury at trial. The trial court

sentenced appellant to serve a 15 years to life prison term and a mandatory five year

period of postrelease control. We affirmed the trial court judgment on direct appeal.

*State v. Sandoval*, 6th Dist. Sandusky No. S-00-042, 2002 WL 398331 (Mar. 15, 2002)

("Sandoval 1").

{¶ 3} On January 10, 2011, appellant filed a motion in the trial court for

resentencing with respect to postrelease control. The trial court conducted a postrelease

control resentencing hearing on February 2, 2011, and on that date entered a judgment

resentencing appellant with respect to postrelease control. Appellant appealed that

judgment.

{¶ 4} Appellant also filed a motion in the trial court for leave to file a motion for a

new trial on the basis of newly discovered evidence. The trial court denied the

application on January 7, 2011. Appellant appealed that judgment.

{¶ 5} We consolidated the two appeals and in a March 16, 2012 judgment

affirmed both trial court judgments. *State v. Sandoval*, 6th Dist. Sandusky Nos. S-11-006

2.

and S-11-013, 2012-Ohio-1117 ("Sandoval 2"). Appellant claimed in the appeal that a subjective statement by his wife constituted newly discovered evidence. *Id.* at ¶ 8. In the appeal, we concluded that the statement did not contain new facts or evidence. *Id.* At ¶ 14.

{¶ 6} On January 28, 2011, appellant filed a petition for postconviction relief and the trial court denied the petition on February 1, 2011. Appellant appealed the judgment. We affirmed the trial court judgment on December 7, 2012. *State v. Sandoval*, 6th Dist. Sandusky No. S-11-042, 2012-Ohio-5806 ("Sandoval 3").

{¶ 7} Appellant contended in *Sandoval 3* that the state knowingly withheld evidence pertinent to his defense at trial. Appellant acknowledged that he learned of the withheld evidence in October 2000, shortly after trial. *Id.* at ¶ 7. Appellant also contended in the motion that his former wife had been coerced by prosecutor and police into giving false testimony against him. Appellant asserted that he learned of the coercion of the witness when he received his wife's affidavit in 2005. *Id.* at ¶ 9.

{¶ 8} In the appeal, we ruled that appellant's petition for postconviction relief was untimely as it was filed after the 180 day filing deadline under R.C. 2953.21(A)(2) and appellant was not unavoidably prevented from discovery of the facts upon which the claim for relief was based to permit filing of the petition after the 180 day period, under an exception provided in R.C. 2953.23(A). *Sandoval 3* at ¶ 8-9.

3.

{¶ 9} Appellant appears pro se in this appeal and asserts seven assignments of error with respect to the denial of his motion for a new trial and petition for postconviction relief in September and October, 2013:

**Assignments of Error**

1. The trial court abused its discretion in failing to grant appellant's motion for leave to file a motion for a new trial based upon newly discovered evidence.

2. The trial court committed an error of law by not including in its ruling the findings of fact and conclusions of law as required by Crim.R. 35(c) and R.C. 2953.21(G).

3. Appellant was denied his Sixth and Fourteenth Amendments rights when trial counsel failed to render adequate legal assistance in not conducting pre-trial investigation which would have shown that the appellant was innocent.

4. Appellant was denied his Sixth and Fourteenth Amendment rights when counsel failed to present expert evidence that would have exonerated the appellant.

5. Appellant was denied his Sixth and Fourteenth Amendment rights when trial counsel failed to object to the trial court's abuse of discretion in

admitting State's Exhibit #46, the photo of the tire iron, into evidence during the jury deliberations.

6. Appellant was denied his Sixth and Fourteenth Amendment rights when trial counsel failed to object and file a motion to suppress the testimony of Det. O'Connell because O'Connell did purposely mislead the jury and deliberately misrepresented the statements made by appellant on tape.

7. The trial court erred when it failed to hold an evidentiary hearing on petitioner's postconviction petition.

{¶ 10} Under assignment of error No. 1, appellant asserts that the trial court abused its discretion in denying appellant's motion for leave to file a motion for a new trial on the basis of newly discovered evidence, provided in an affidavit by Joey Richardson. Richardson stated in his affidavit that he spoke to Alejandro Montez in 2002 when both he and Montez were inmates at the Lima Correctional Institution in Lima, Ohio. The conversation concerned the 1996 murder of Alfred Perez, for which appellant was convicted. According to Richardson, Montez was concerned about his health and stated that he had leukemia, the leukemia had been in remission, but it appeared to be returning.

{¶ 11} According to Richardson, Montez told him "that sins were coming back to bite him in the rear." Montez allegedly told Richardson "that he killed a man

5.

accidentally in hometown of Fremont back in 1996 and that he let * * * Manny [appellant] take the fall for it." Montez told Richardson that he wanted to get it off his chest.

{¶ 12} In the affidavit, Richardson provided a detailed description of the incident as allegedly stated by Montez. This included a statement by Montez that he killed Perez with a carjack, allegedly by striking Perez in the back of the head, knocking him to the ground, and then hitting Perez more times after he fell to the ground. According to the affidavit, Montez stated that the killing occurred behind a Mexican restaurant located near Perez's trailer in Fremont on December 25, 1996.

{¶ 13} Crim.R. 33(B) requires a defendant to seek leave of court to file a motion for a new trial on the basis of newly discovered evidence where more than 120 days have elapsed from the date the verdict was returned at trial. *State v. Rodriguez*, 6th Dist. Wood Nos. WD-13-026, WD-13-053, and WD-13-071, 2014-Ohio-1313, ¶ 8-10. Under the rule, the moving defendant must prove by "clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence" on which the motion for a new trial is based. Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of

6.

reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 14} The jury returned its verdict in this case on October 18, 2000. Richardson signed his affidavit on March 15, 2013. The affidavit details a statement allegedly made in 2002. Appellant submitted no other affidavits or evidentiary material in support of his Crim.R. 33(B) motion for leave to file. Appellant filed his motion for leave to file on May 20, 2013.

{¶ 15} The trial court denied the motion on September 20, 2013, ruling that appellant failed to show by clear and convincing evidence that he had been unavoidably prevented from filing the motion on a timely basis. An appellate court reviews the denial of leave to file a motion for a new trial under Crim.R. 33 under an abuse of discretion standard. *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 12.

{¶ 16} Appellant did not provide any affidavit or evidentiary material setting forth when he first learned of Richardson's 2002 conversation with Alejandro Montez. The fact that Richardson's affidavit was executed in March 2013, alone provides no evidence that it could not have been secured earlier:

> [I]t has been squarely held that "the use of an affidavit signed outside of the time limit [under Crim.R. 33(B)] that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the evidence could not have been obtained

7.

within the prescribed time period." *State v. Franklin,* 7th Dist. No. 09 MA 96, 2010-Ohio-4317, ¶ 20. *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 25.

{¶ 17} As the defendant in *State v. Peals*, appellant offered no evidence to establish unavoidable delay. He did not submit his own affidavit setting forth when he first learned of the 2002 conversation or the circumstances of the discovery. The Richardson affidavit also failed to address the issue. Accordingly we conclude that the trial court did not abuse its discretion in denying appellant's motion for leave to file a motion for a new trial.

{¶ 18} We find assignment of error No. 1 not well-taken.

{¶ 19} Assignments of error Nos. 2 through 7 concern the trial court's judgment denying postconviction relief. Assignments Nos. 3, 4, 5, and 6 claim ineffective assistance of counsel on various grounds. In assignment No. 7, appellant argues that the trial court erred in failing to conduct an evidentiary hearing on the petition for postconviction relief.

{¶ 20} In assignment of error No. 2, appellant contends that the trial court erred in failing to issue findings of fact and conclusions of law in its judgment denying relief. The state argues that appellant's petition for postconviction relief was untimely and that the court was not required to issue findings of fact and conclusions of law under R.C. 2953.21(G). We agree. In a prior appeal in this case, we recognized that:

8.

The requirement under R.C. 2953.21(G) that a trial court file findings of fact and conclusions of law when a court denies a petition for postconviction relief is not applicable to the trial court's rejection of an untimely petition for postconviction relief under R.C. 2953.23." *State ex rel. Hach v. Summit Cty. Court of Common Pleas,* 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9, citing *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003–Ohio–3631, 791 N.E.2d 459, ¶ 7.

*Sandoval 3*, 6th Dist. Sandusky No. S-11-042, 2012-Ohio-5806 at ¶ 10.

**{¶ 21}** R.C. 2953.21(A)(2) requires that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The trial transcript in this case was filed on direct appeal on January 26, 2001. Appellant filed this latest petition for postconviction relief on October 7, 2013, more than 12 years after the 180 day statutory period set forth in R.C. 2953.21(A)(2) expired.

**{¶ 22}** A trial court has lacks jurisdiction to consider an untimely petition for postconviction relief, filed after the 180 day period, unless the delay in filing is excused under R.C. 2953.23(A). *State v. Guevara,* 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. We addressed the exception provided in R.C. 2953.23(A)(1) to the filing requirement in *Sandoval* 3:

9.

R.C. 2953.23(A) provides that a postconviction relief petition can be filed beyond the 180-day filing deadline set by R.C. 2953.21(A)(2) if the petitioner can show that he was unavoidably prevented from discovery of the facts upon which the claim for relief is based and but for the constitutional errors, no reasonable factfinder would have found petitioner guilty. R.C. 2953.23(A)(1)(a) and (b). *Sandoval 3*, 6th Dist. Sandusky No. S-11-042, 2012-Ohio-5806 at ¶ 5.

{¶ 23} R.C. 2953.23(A)(2) also provides an exception with respect to DNA evidence in felony convictions that does not apply to this appeal.

{¶ 24} In the October 7, 2013 petition for postconviction relief, appellant asserted four claims of ineffective assistance of counsel. He claimed that trial counsel was deficient due to counsel's (1) failure to adequately conduct a pretrial investigation to discover evidence of appellant's innocence (assignment of error No. 3), (2) failure to secure expert defense witnesses to testify at trial (assignment of error No. 4), (3) failure to object to admission of a photo into evidence at trial (assignment of error No. 5), and (4) failure to act to preclude a detective from testifying at trial due to claimed bias of the witness (assignment of error No. 6).

{¶ 25} We have reviewed the record and it does not support a claim that appellant was unavoidably prevented from discovery of the facts upon which these claims are based. Claimed newly discovered evidence of Montez's admission of guilt, alone is not

10.

evidence that trial counsel was deficient in his pretrial investigation in the case. Appellant offered no evidence in support of his petition supporting a claim that he was unavoidably prevented from discovery of facts to support a claim of ineffective assistance of counsel on that basis. The other three ineffective assistance of counsel claims each present issues of the type that could have been raised on direct appeal.

{¶ 26} We conclude that that appellant's petition for postconviction relief was untimely under 2953.21(A)(2) and that no exception under R.C. 2953.23(A) applies. Accordingly, we conclude the trial court lacked jurisdiction to consider appellant's October 7, 2013 petition for postconviction relief.

{¶ 27} We find assignments of error No. 2, 3, 4, 5, and 6 not well-taken on that basis.

{¶ 28} The state also argues that assignments of error Nos. 4, 5, and 6 are also barred by res judicata, as the grounds for relief could have been raised in appellant's direct appeal. We agree.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of

11.

conviction, or on an appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 29} Assignments of error Nos. 4, 5, and 6 each could have been raised on direct appeal. We find that res judicata bars appellant from asserting them now.

{¶ 30} Under assignment of error No. 7, appellant argues that the trial court erred in failing to conduct an evidentiary hearing on his petition for postconviction relief. We conclude that this assignment of error is also barred on jurisdictional grounds as appellant's petition for postconviction relief was untimely under R.C. 2953.21(A)(2).

{¶ 31} Furthermore, on the merits, a defendant is not automatically entitled to a hearing on a petition for postconviction relief. *State v. Calhoun*, 86 Ohio St.3d 279, 282-283, 714 N.E.2d 905 (1999). In *Calhoun*, the Ohio Supreme Court instructed:

Before granting an evidentiary hearing on the petition, the trial court shall determine *whether there are substantive grounds for relief* (R.C. 2953.21[C]), *i.e.,* whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1). *Id.*

{¶ 32} A trial court's denial of a petition for postconviction relief without an evidentiary hearing is reviewed on appeal under an abuse of discretion standard. The term abuse of discretion connotes that "the court's attitude is unreasonable, arbitrary, or

12.

unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 33} Our review of the affidavit submitted by appellant in support of his petition for postconviction relief and the record demonstrates that appellant failed to present substantive grounds for relief that required a hearing. Accordingly, we conclude that the trial court did not abuse its discretion in denying a hearing on appellant's petition for postconviction relief.

{¶ 34} We find assignment of error No. 7 not well-taken.

{¶ 35} Having found that the trial court did not commit error prejudicial to the appellant, we affirm the judgments of the Sandusky County Court of Common Pleas in both appeals. We order appellant to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____

                                                                              JUDGE

Thomas J. Osowik, J.

                                                             _____

Stephen A. Yarbrough, P.J.                      JUDGE
CONCUR.

                                                             _____

                                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.