[Cite as *State v. Johnson*, 2016-Ohio-8525.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-16-1170 |
| Appellee | Trial Court No. CR0200603545 |
| v. | |
| Tyrone Johnson | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 30, 2016 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Tyrone R. Johnson, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Tyrone Johnson, in this accelerated appeal, appeals the July 14,

2016 judgment of the Lucas County Court of Common Pleas which denied his motion for

resentencing. For the reasons that follow, we reverse the judgment of the trial court.

**{¶ 2}** Appellant sets forth one assignment of error:

I. Plain error for the trial court to improperly merge and run concurrent sentences contrary to law. The trial court was without statutory authority to do so, or to impose post release control to Johnson's sentence because [R.C.] 2967.28 is not applicable.

**{¶ 3}** In 2007, appellant was convicted by a jury of two counts of aggravated murder, one count of aggravated robbery, and a firearm specification on each count. Appellant was sentenced to 20 years to life in prison on each aggravated murder count, ten years for aggravated robbery, and three years for the firearm specification. The court ordered the sentences for the aggravated murder counts to run consecutively to each other and concurrent to the aggravated robbery count; the firearm specification was mandatory and consecutive to the other sentences. Appellant appealed. Appellant also filed a petition to vacate or set aside judgment of conviction or sentence with the trial court. The trial court denied the petition; appellant appealed. We affirmed the conviction and the denial of the petition. *State v. Johnson*, 6th Dist. Lucas Nos. L-07-1193, L-08-1230, 2009-Ohio-45.

**{¶ 4}** In 2012, appellant filed with the trial court a motion for access to the grand jury transcript and minutes, and a motion for resentencing. The trial court denied the motions and appellant appealed. We affirmed the denial of the motions. *State v. Johnson*, 6th Dist. Lucas Nos. L-12-1178, L-12-1257, 2013-Ohio-1718.

2.

{¶ 5} The current appeal arises from the trial court's denial of appellant's motion entitled: "Motion for Resentence for Plain error on a merger issue. Plain error when the Trial Court imposed Post-Release control for Appellants Convictions for Aggravated Murder without Statutory Authority to do so Pursuant to R.C. 2967.28." The trial court construed the motion as a motion for postconviction relief, and denied the motion as untimely.

{¶ 6} Appellant argues, in support of his assignment of error, this is not a postconviction issue, as he seeks to correct an illegal sentence. He notes a void sentence can be attacked at any time and res judicata does not apply. Appellant claims he must be resentenced because he was sentenced to postrelease control which does not apply.

{¶ 7} The state counters the trial court properly construed appellant's motion as a postconviction petition. The state argues the trial court properly denied the petition as untimely. The state also contends appellant's third successive petition is barred by the principles of res judicata.

{¶ 8} We are presented here with an issue similar to the one decided by the Supreme Court of Ohio on November 10, 2016, in *State v. Williams*, Slip Opinion No. 2016-Ohio-7658. In *Williams*, the court was asked whether separate sentences imposed for convictions for allied offenses of similar import, which the trial court found to be subject to merger pursuant to R.C. 2941.25(A), were void and subject to attack at any time. *Id.* at ¶ 15. The court noted "when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude

3.

appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.'" (Citation omitted.) *Id.* at ¶ 22. The court held:

> when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void. [*State v.*] *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 25.
>
> * * *
>
> We have recognized that a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court's failure to comply with mandatory sentencing laws. [*State v.*] *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 29. *Id.* at ¶ 28, 30.

{¶ 9} R.C. 2941.25(A) states "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." A conviction consists of a guilty verdict and the imposition of a sentence. *State v. McGuire*, 80 Ohio St.3d 390, 399, 686 N.E.2d 1112 (1997). Thus, the "trial court

4.

is required to merge allied offenses of similar import at sentencing." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27.

{¶ 10} In the case before us, appellant was charged with and convicted of two counts of aggravated murder, a violation of R.C. 2903.01(B) and (F), and one count of aggravated robbery, a violation of R.C. 2911.01(A)(1). R.C. 2903.01(B) states in relevant part "[n]o person shall purposely cause the death of another * * * while committing * * * aggravated robbery * * *." R.C. 2911.01(A)(1) provides in relevant part "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and * * * use it."

{¶ 11} At appellant's sentencing hearing, he was sentenced to two consecutive terms of life imprisonment with parole eligibility after 20 years on the aggravated murder counts. The trial court properly found and counsel agreed that the aggravated robbery count merged with the two aggravated murder counts because aggravated robbery was an element of the aggravated murder counts. However, appellant was then sentenced to 10 years in prison on the aggravated robbery count, "[t]hat will run concurrent with the 2 consecutive counts of life imprisonment."

{¶ 12} Since the trial court found aggravated robbery was an element of and should merge into the aggravated murder counts, the two offenses are allied offenses of similar import. However, by imposing a concurrent sentence for the aggravated robbery count, the trial court did not merge the aggravated robbery count with the aggravated

5.

murder counts. Rather, multiple sentences were imposed; R.C. 2941.25 prohibits this. Therefore, appellant's sentence is void and a resentencing hearing must be held.

{¶ 13} On the authority of *State v. Williams*, Slip Opinion No. 2016-Ohio-7658, appellant's sole assignment of error is well-taken.

{¶ 14} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed, appellant's sentence is vacated, and this cause is remanded for the trial court to resentence appellant according to law. Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                             JUDGE
Thomas J. Osowik, J.              

Stephen A. Yarbrough, J.         _____
CONCUR.                                             JUDGE

                                                       _____
                                             JUDGE