[Cite as *State v. Johnson*, 2017-Ohio-7102.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Tyrone Johnson

    Appellant

Court of Appeals No. L-17-1014

Trial Court No. CR0200603545

**DECISION AND JUDGMENT**

Decided: August 4, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Tyrone R. Johnson, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Tyrone Johnson, appeals the December 29, 2016 judgment of the Lucas County Court of Common Pleas, denying his motion for relief from judgment, construed by the court as a petition for postconviction relief. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} In 2007, a jury convicted Johnson of two counts of aggravated murder, violations of R.C. 2903.01(B) and (F), one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), and accompanying firearms specifications. Johnson filed a direct appeal from that verdict, followed by a number of other petitions and motions, some of which culminated in appeals filed with this court. *State v. Johnson,* 6th Dist. Lucas Nos. L-07-1193 and L-08-1230, 2009-Ohio-45; *State v. Johnson,* 6th Dist. Lucas Nos. L-12-1178 and L-12-1257, 2013-Ohio-1718; *State v. Johnson,* 6th Dist. Lucas No. L-16-1170, 2016-Ohio-8525.

{¶ 3} On December 8, 2016, Johnson filed what he styled as a Civ.R. 60 motion for relief from judgment. He argued that the trial court violated his Fourteenth Amendment right to equal protection when, at a suppression hearing, it allowed a recording of his police interrogation to be submitted for the court's review instead of played in open court in his presence. He maintained that he did not see the tape until nine years later when a copy was requested by the Ohio Innocence Project, and he insisted that the recording had been edited. Johnson also complained that the state lacked direct evidence of his guilt, and that while it initially sought his testimony against his co-defendant, Latrel Brown, it ultimately offered a plea agreement to Brown in exchange for his testimony against Johnson. He characterized this as "new or additional information" constituting fraud, inherently affecting the accuracy and reliability of the judgment, and contradicting the indictment.

2.

**{¶ 4}** In a judgment filed on December 29, 2016, the trial court construed Johnson's motion as a petition for postconviction relief and denied it as untimely under R.C. 2953.23. Johnson appealed, assigning the following error for our review:

TRIAL COURT IMPROPERLY DENIED A HEARING

PURSUANT TO CIVIL RULE 60(B)5 [sic] AND CIVIL RULE 58(B).

## II. Law and Analysis

**{¶ 5}** Johnson's sole assignment of error challenges the trial court's denial of a hearing on his motion, however his arguments in both the trial court and in this court focus primarily on the denial of his motion—not the denial of a hearing. Before considering the merits of Johnson's appeal, we address the threshold issue of whether the trial court properly treated his motion as one for postconviction relief—one of several filed over the years—despite the fact that it was styled as a motion for relief from judgment.

**{¶ 6}** The Ohio Supreme Court recognized in *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, syllabus, that a trial court may recast an appellant's motion for relief from judgment as a petition for postconviction relief even where the motion has been unambiguously presented as a Civ.R. 60(B) motion. Citing its decision in *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1999), the court observed that a motion should be cast as one for postconviction relief under R.C. 2953.21(A)(1) where it is "(1) filed subsequent to [the defendant's] direct appeal, (2) claim[s] a denial of

constitutional rights, (3) [seeks] to render the judgment void, and (4) ask[s] for vacation of the judgment and sentence." *Id.,* quoting *Reynolds* at 160.

{¶ 7} Here, Johnson's motion was filed well after his direct appeal, it claimed a denial of his right to equal protection, it alleged that the trial court lacked proper jurisdiction, and it asked that the judgment against him be set aside. We, therefore, find that the trial court properly treated Johnson's motion as a petition for postconviction relief. We review a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Myers*, 6th Dist. Wood No. WD-16-026, 2017-Ohio-1220, ¶ 7. "Abuse of discretion" implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} At the time of Johnson's conviction, R.C. 2953.21(A)(1)(b)(2) required that unless otherwise provided in R.C. 2953.23, a petition for postconviction relief must be filed within 180 days after the date on which the trial transcript is filed in the court of appeals. That deadline has since been changed to 365 days. R.C. 2953.21(A)(1)(j)(2) (as numbered as of the date that Johnson filed his motion in the trial court). Under R.C. 2953.23, a court may entertain untimely or successive petitions for postconviction relief only under very limited circumstances:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely

4.

to present the claim for relief, or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case * * *, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *.

{¶ 9} Johnson does not allege that there exists a new federal or state right recognized by the U.S. Supreme Court, or that DNA testing establishes his innocence. Instead, while not clearly argued in the trial court, Johnson claims to have been unavoidably prevented from obtaining the recording of his police interrogation. He also continues to complain that Brown was offered a plea agreement in exchange for his testimony. We find that Johnson was not unavoidably prevented from obtaining this information.

5.

**{¶ 10}** First, as to Brown's testimony, Johnson had the opportunity to cross-examine him at trial. And as to the recording of his interrogation, (1) Johnson's motion makes clear that the recording was submitted for the court's review in February of 2007, thus he knew of its existence and could have asked his trial counsel to play the recording for him; and (2) he concedes that the Ohio Innocence Project obtained a copy of the recording for him in May of 2015, yet he did not file his motion until December 8, 2016—well over a year later. Accordingly, no R.C. 2953.23 exception excuses Johnson's failure to file his motion within the time proscribed by R.C. 2953.21.

**{¶ 11}** This court has recognized that where a petition for postconviction relief "is untimely and the petitioner does not show he was unavoidably prevented from discovering the facts upon which he now relies, the petition should be denied without a hearing." *State v. Alvarado*, 6th Dist. Lucas No. L-16-1077, 2017-Ohio-2810, ¶ 26, citing *State v. Baker*, 8th Dist. Cuyahoga No. 78453, 2001 Ohio App. LEXIS 1305, *7 (Mar. 22, 2001). Given our conclusion that Johnson's petition was untimely, we find no abuse of discretion in the trial court's denial of Johnson's motion, and we find that Johnson was not entitled to a hearing on his petition.

**{¶ 12}** Accordingly, we deny Johnson's sole assignment of error.

### {¶ 13} Conclusion

**{¶ 14}** Johnson's motion for relief from judgment was properly construed by the trial court as a petition for postconviction relief, and was properly denied without a

6.

hearing because it was both successive and untimely. We, therefore, affirm the December 29, 2016 judgment of the Lucas County Court of Common Pleas. Johnson is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                  JUDGE

Arlene Singer, J.

                  _____

Christine E. Mayle, J.       JUDGE
CONCUR.

                  _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.