[Cite as *State v. Johnson*, 2019-Ohio-4899.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                            Court of Appeals No. L-18-1265

　　　　　Appellee                                                Trial Court No. CR0200603545

v.

Tyrone R. Johnson                                           **DECISION AND JUDGMENT**

　　　　　Appellant                                                Decided: November 27, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Tyrone Johnson, appeals the November 16, 2018 judgment of the

Lucas County Court of Common Pleas sentencing him to consecutive prison terms of 20

years to life.  For the following reasons, we affirm.

## I. Background and Facts

**{¶ 2}** In 2007, Johnson was convicted by a jury of two counts of aggravated murder in violation of R.C. 2903.01(B), unclassified felonies, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, as well as the gun specifications attached to each count. The trial court sentenced Johnson to the following prison terms: (1) 20 years to life on the aggravated murder convictions, to be served consecutively to each other; (2) 10 years on the aggravated robbery conviction, to be served concurrently to the aggravated murder sentences; and (3) a mandatory term of 3 years on the gun specifications, which the trial court merged into one specification, to be served consecutively to the aggravated murder convictions. Johnson appealed, and we affirmed. *State v. Johnson*, 6th Dist. Lucas Nos. L-07-1193 and L-08-1230, 2009-Ohio-45.

**{¶ 3}** In 2016, following Johnson's appeal of the trial court's denial of his motion for resentencing, we reversed the trial court's decision and remanded the matter to the trial court for the purpose of properly sentencing Johnson. *State v. Johnson*, 6th Dist. Lucas No. L-16-1170, 2016-Ohio-8525. We noted that the trial court had originally determined that the aggravated robbery count merged with the aggravated murder counts, but had nonetheless sentenced Johnson to prison on the aggravated robbery count, which resulted in a void sentence. *Id.* at ¶ 11-12. Thus, we remanded the case for resentencing. *Id.* at ¶ 14.

2.

{¶ 4} On November 16, 2018, the trial court held another sentencing hearing. The state elected to merge the aggravated robbery count into one of the aggravated murder counts and to proceed with sentencing on the two aggravated murder counts. Johnson's counsel pointed out to the trial court that the judge who sentenced Johnson in 2007 did not make findings regarding the appropriateness of consecutive sentences and asked that "any error then be for the benefit of the defense." Specifically, counsel asked that the sentences for aggravated murder be run concurrently.

{¶ 5} When asked if he had anything to say on his own behalf, Johnson denied committing the murders, claiming that he was never properly charged and was being "held accountable for something the State said another person did." He said that he had no connections to the victims of the murders or to anyone else involved. And although Johnson admitted to having a criminal record, he denied being convicted of any violent crimes.

{¶ 6} In response, the state noted that the case involved two shootings that were committed at close range. That, combined with Johnson's criminal history, the state said, "more than support[ed]" findings under R.C. 2929.14 that consecutive sentences were necessary to protect the public from future crime or punish the offender, consecutive sentences were not disproportionate to the seriousness of the offense, and the harm caused by two or more offenses was so great or unusual that no single prison term adequately reflected the seriousness of the conduct.

3.

{¶ 7} After hearing from the parties, the trial court noted that it had considered the "vast" record in the case, as well as the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court went on to impose sentences of 20 years to life for each of the aggravated murder charges and ordered the sentences to be served consecutively. The court found that consecutive sentences were necessary to protect the public from future crime or to punish Johnson and were not disproportionate to the seriousness of Johnson's conduct and the danger Johnson posed. The court also found that the harm caused—i.e., "two dead victims"— was so great or unusual that no single prison term was adequate. Finally, the court imposed a mandatory 3-year term for the merged gun specifications, to be served consecutively to the aggravated murder sentences.

{¶ 8} Johnson now appeals the trial court's sentence, raising one assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to consecutive terms of twenty years to life plus an additional consecutive term of three years for a firearm specification in the Ohio Department of Rehabilitation and Corrections on two counts of aggravated murder.

## II. Law and Analysis

{¶ 9} In his assignment of error, Johnson argues that "the trial court failed to comply with the directives of R.C. 2929.11 [and] 2929.12 * * * by not ordering

4.

concurrent sentences" because the court "failed to consider any mitigating factors in ordering two consecutive potential life sentences * * *." In response, the state contends that Johnson has failed to demonstrate that his consecutive sentences are unsupported by the record or contrary to law.

{¶ 10} Generally speaking, we review felony sentences under R.C. 2953.08(G)(2). There are exceptions to our ability to review sentences, however. One of those is in R.C. 2953.08(D)(3), which provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review * * *" under R.C. 2953.08. In *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 17, the Supreme Court of Ohio held that "R.C. 2953.08(D) is unambiguous. 'A sentence imposed for aggravated murder or murder pursuant to section 2929.02 to 2929.06 of the Revised Code is not subject to review under this section' clearly means what it says: such a sentence cannot be reviewed." An appellate court only has "such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Article IV, Section 3(B)(2), Ohio Constitution. By enacting R.C. 2953.08(D)(3), the legislature removed our authority to review sentences imposed for aggravated murder and murder. Thus, we cannot review Johnson's sole argument that "the trial court failed to comply with the directives of R.C. 2929.11 [and] 2929.12 * * *" when sentencing him. *State v. Weaver*, 2017-Ohio-4374, 93 N.E.3d 178, ¶ 17-20 (5th Dist.). Johnson's assignment of error is not well-taken.

5.

### III. Conclusion

{¶ 11} For the foregoing reasons, the November 16, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Johnson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.