JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Robert Martin appeals from the decision of the Cuyahoga County Court of Common Pleas to deny his motion for new trial without a hearing. Finding no error in the proceedings below, we affirm.
 {¶ 3} Martin was convicted of aggravated murder, aggravated robbery, and kidnapping in October 1997. His convictions were affirmed in State v. Martin (Jan. 27, 2000), Cuyahoga App. No. 73455. On June 21, 2005, Martin filed a motion for new trial pursuant to Crim.R. 33(B). The motion alleged newly discovered evidence that Martin asserts proves he is innocent.
 {¶ 4} Martin attached three affidavits to his motion: Martin's own affidavit, affidavit of Tamaron Smith, and affidavit of James Payne. Martin's affidavit alleged that he had no knowledge regarding the whereabouts of these two witnesses until they sent him their affidavits in 2005. Smith's affidavit asserted that on the night of the murder, Smith went to Martin's to buy marijuana but Martin did not have any. Smith also asserted that Darnelle Weeks was with Charles Marshall, Martin's co-defendant, at the time of the murder, and that Smith dropped Weeks and Marshall off near the murder scene at the time of the murder. Payne's affidavit stated that Martin was with him at a recording studio during the time of the murder.
 {¶ 5} The record reveals that the trial court denied Martin's motion for new trial without a hearing. Martin appeals, advancing two assignments of error for our review. For the sake of clarity, we will address the assignments of error out of order.
 {¶ 6} Martin's second assignment of error states as follows:
 {¶ 7} "II. The trial court abused its discretion and violated appellant's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when it dismissed appellant's Crim.R. 33(B) motion."
 {¶ 8} Under this assignment of error, Martin argues that the trial court erred when it dismissed his motion for new trial because Martin showed he was unavoidably prevented from discovering and obtaining the witnesses' affidavits before the 120-day time period. Crim.R. 33(B) provides the following:
"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 9} A defendant must prove by clear and convincing evidence that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the period provided pursuant to Crim.R. 33. State v. Davis, Franklin App. No. 03AP-1200,2004-Ohio-6065, ¶ 11; State v. Josso (Apr. 27, 2000), Cuyahoga App. No. 77227. Clear and convincing evidence requires more than a mere allegation that a defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial motion. See Josso, supra. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." Davis,2004-Ohio-6065, at ¶ 11, citing State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 10} Because Martin filed his motion more than 120 days from the date of his conviction, he was required to provide clear and convincing proof that, despite his due diligence, he was unavoidably prevented from discovering this new evidence. In his motion, Martin simply asserts that he received this newly discovered evidence showing his innocence in June 2005 and was not able to obtain the witnesses' affidavits until the dates they were signed and sent to him. Martin does concede that he met one witness in prison in 2001, but asserts he was unable to obtain an affidavit until 2005. Martin asserts that these two witnesses prove that he is innocent.
 {¶ 11} We find Martin's argument to be without merit. First, Martin confessed to his part in the crime and even showed the police the escape route. Martin does not claim he was coerced into confessing. Second, if Martin had an alibi for the time of the murder, then he surely would have known it prior to trial, and, again, not confessed to committing the crime. Finally, Martin failed to show he was unavoidably prevented from discovering this "newly discovered evidence," which included affidavits from witnesses willing to put forth less than credible testimony years after the verdict.
 {¶ 12} The trial court did not err in denying Martin's motion for new trial. Accordingly, Martin's second assignment of error is overruled.
 {¶ 13} Martin's first assignment of error states as follows:
 {¶ 14} "I. The trial court abused its discretion and violated appellant's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when [it failed] to hold an evidentiary hearing and/or allow appellant to attend said hearing on his newly discovered evidence motion pursuant to Ohio Criminal Rule 33(B)."
 {¶ 15} Martin complains that the trial court abused its discretion when it failed to hold an evidentiary hearing on his motion for new trial or, alternatively, that the trial court abused its discretion when it held a hearing without his being present.
 {¶ 16} A trial court's decision denying a request for new trial is reviewed for an abuse of discretion. State v.Filiaggi, 86 Ohio St.3d 230, 237, 1999-Ohio-99. An abuse of discretion is more than an error of law or judgment. State v.Adams (1980), 62 Ohio St.2d 151, 157. In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary, or unconscionable. Id. The decision to grant a motion for a new trial is an extraordinary measure that should be used only when the evidence presented weighs heavily in favor of the moving party. State v. King (June 4, 1998), Cuyahoga App. No. 72892.
 {¶ 17} In addition, it is well established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for new trial. Id.
 {¶ 18} In State v. Petro (1947), 148 Ohio St. 505, syllabus, the Ohio Supreme Court set forth the criteria that must be established in a criminal case in order for a new trial based upon newly discovered evidence. The defendant must demonstrate that the new evidence: (1) is likely to change the result if a new trial is granted; (2) was discovered after trial; (3) could not in the exercise of due diligence have been discovered before trial; (4) is material to the issue; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence. Id.
 {¶ 19} Given the stated deficiencies in Martin's "newly discovered evidence," it is clear that the trial court did not abuse its discretion when it failed to hold a hearing, and denied Martin's motion for new trial. Therefore, Martin's first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., Concur.