[Cite as *State v. Clyde*, 2016-Ohio-31.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-15-022

    Appellee                                     Trial Court No. 2011-CR-0334

v.

Jeffrey Clyde                                        **DECISION AND JUDGMENT**

    Appellant                                    Decided:  January 6, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

K. Ronald Bailey, for appellant.

* * * *

**SINGER, J.**

{¶ 1} This is an appeal from the denial of a motion for post-conviction relief by

Jeffrey Clyde, appellant, in Erie Common Pleas Court.

**{¶ 2}** On August 15, 201, appellant was indicted on charges of gross sexual imposition, rape, sexual battery, corrupting another with drugs, disseminating matter harmful to juveniles, compelling prostitution, and attempted pandering obscenity involving a minor. Appellant's charges surrounded incidents which took place with two minor females over a course of time. A bench trial concerning these charges began August 26, 2013. Appellant was found not guilty of rape and gross sexual imposition but was found guilty of all other charges.

**{¶ 3}** During appellant's trial, defense counsel failed to object to testimony about the credibility of the victim and her statement. Defense counsel also failed to object to the introduction of testimony about polygraphs which had been taken by several of the witnesses for the prosecution. During the trial, defense counsel was supplied with discovery five times throughout the course of the lengthy trial process. On December 10, 2014, appellant was finally sentenced to 20 years in prison. The delay in sentencing was due to the death of defense counsel during the trial process.

**{¶ 4}** Appellant appealed his conviction on direct appeal to this court. *State v. Clyde*, 6th Dist. Erie No. E-14-006, 2015-Ohio-1859. In that appeal, appellant set forth six assignments of error for his direct appeal. The fourth assignment of error is most pertinent to this appeal. Appellant argued "trial counsel committed prejudicial ineffective assistance through multiple failures." Appellant argued defense counsel failed to object to the prejudicial testimony about the credibility of the complaining witness and the testimony surrounding the polygraphs in his brief on direct appeal.

2.

**{¶ 5}** On appellant's direct appeal, this court held,

> Appellant cites other instances of alleged ineffective assistance of counsel in failing to object to hearsay statements and testimony concerning polygraphs. However, with respect to each instance, appellant failed to show the deficiency in counsel's performance or that such conduct affected the outcome of the trial. Applying *Strickland* to the record herein and the examples cited by appellant, we are unable to find that counsel's representation fell below a standard of reasonableness or that, but for the perceived errors of counsel, appellant would not have been convicted. Accordingly, we find that appellant's fourth assignment of error not well-taken.

*Clyde* at ¶45.

**{¶ 6}** Appellant then filed a motion for post-conviction relief in the trial court which argued there was insufficient evidence to sustain his conviction and he received ineffective assistance of counsel. Appellant's claims of ineffective assistance of counsel centered on the illness of trial counsel which eventually led to his death. The trial court denied this motion due to appellant's failure to prove there was insufficient evidence and that he received ineffective assistance of counsel. The trial court noted that during the bench trial appellant received, the court was very accommodating and flexible around the court schedule due to trial counsel's illness.

3.

**{¶ 7}** Appellant appeals the denial of his motion for post-conviction relief and brings forth four assignments of error for our review:

1. The trial court erred in denying appellant's petition for post-conviction relief even though it permitted the state to ask various witnesses if they believed the complaining witness was credible in her allegations.

2. The trial court erred in denying appellant's petition for post-conviction relief despite evidence about the complaining witness passing a polygraph was admitted into evidence at trial.

3. The trial court erred in denying appellant's petition for post-conviction relief despite the fact that the state gave defense counsel additional discovery on at least five different days during trial when the indictment was issued over two years earlier.

4. The trial court erred in denying appellant's petition for post-conviction relief despite the fact that trial counsel was ineffective in failing to object to the admission of evidence that witnesses believed the complaining witness to be credible, that the complaining passed a polygraph examination and the state providing discovery on at least five different days during trial on a case that was over two years old.

**{¶ 8}** We find appellant's appeal from his motion for post-conviction relief is barred by res judicata. A conviction bars a convicted defendant from raising "any defense or any claimed lack of due process that was raised or could have been raised by

4.

the defendant" at trial or on appeal of the final judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 9} On his direct appeal, appellant argued he received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's questions about the credibility of the complaining witness and the questions about the polygraphs taken by other witnesses. Appellant's fourth assignment of error on this appeal makes the same arguments as he did previously on his direct appeal. We, therefore, find appellant's fourth assignment of error to be barred by res judicata.

{¶ 10} Appellant's first and second assignments of error are essentially the same argument for ineffective assistance of counsel, but this argument is couched in terms of a violation of due process. Appellant argues trial counsel denied him due process when it failed to object to prejudicial testimony about the credibility of a witness and the polygraphs taken by some of the other witnesses. As res judicata bars claims for any defense or lack of due process which could have been brought on direct appeal, had appellant wished to appeal a violation of due process, he should have done so on his direct appeal. Therefore, appellant's first and second assignments of error are barred by res judicata.

{¶ 11} Finally, appellant's third assignment of error also argues for an issue he could have raised on his direct appeal, but failed to do so. Appellant argues the trial court erred when it allowed the state to deliver discovery to appellant on five separate occasions during the trial. However, appellant has pointed to no additional evidence that

5.

he did not have at the time of his direct appeal and therefore could have brought his arguments about additional discovery in his direct appeal. As he failed to argue this previously, his third assignment of error is now barred by res judicata.

{¶ 12} We, therefore, affirm the judgment of the trial court. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                 JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, P.J.         _____
CONCUR.                                         JUDGE

                                       _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.