[Cite as *State v. Clyde*, 2019-Ohio-302.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No. E-18-016

　　　　　Appellee                              Trial Court No. 2011-CR-334

v.

Jeffrey Clyde                                      **DECISION AND JUDGMENT**

　　　　　Appellant                             Decided:  February 1, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Martha S. Schultes, Assistant Prosecuting Attorney, for appellee.

Jeffrey Clyde, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jeffrey Clyde, appeals the judgment of the Erie County Court of

Common Pleas, denying his delayed motion for a new trial pursuant to Crim.R. 33(A)(6).

For the reasons that follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On August 26, 2013, following a bench trial, appellant was found guilty of four counts of sexual battery, one count of corrupting a minor with drugs, one count of disseminating matter harmful to juveniles, two counts of compelling prostitution, and two counts of attempted pandering obscenity.  On appeal, we vacated appellant's convictions for one of the counts of compelling prostitution, and both counts of attempted pandering obscenity, and remanded the matter for resentencing.  *State v. Clyde*, 6th Dist. Erie No. E-14-006, 2015-Ohio-1859.  Notably, the remaining counts all involved the same victim, appellant's minor daughter, K.T.

{¶ 3} Thereafter, appellant filed a motion for postconviction relief on the basis that his trial counsel was ineffective.  The trial court denied the motion, and we affirmed.  *State v. Clyde*, 6th Dist. Erie No. E-15-022, 2016-Ohio-31.

{¶ 4} On July 7, 2016, a resentencing hearing was held, and appellant was ordered to serve a total prison term of 18 years.  We affirmed his sentence on appeal on October 13, 2017.  *State v. Clyde*, 6th Dist. Erie Nos. E-16-045, E-16-048, 2017-Ohio-8205.

{¶ 5} The genesis of the present action began on February 1, 2018, when appellant filed a motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(6).  Attached to appellant's motion was an affidavit from his daughter dated January 10, 2017, in which she stated that she made up the allegations about her father so that Children's Services would remove her from her father's home, and she could be placed with her father's friend, with whom she was having a sexual relationship.  K.T. further explained that when she tried to tell the prosecutor before the trial that she made

2.

up the allegations against her father, the prosecutor threatened that falsely accusing someone is a serious crime, and she could be sent to the detention center until she was 21 years old. K.T. offered that faced with those threats, she decided to stick to her original story. K.T. also stated that Children's Services and the prosecutor promised her that they would assist her with finding an apartment and continuing her education after she emancipated, but those promises went unfilled.

{¶ 6} Also attached to appellant's motion was a letter from Erie County Department of Job and Family Services dated November 9, 2011, notifying appellant that an allegation that K.T. was physically abused was unsubstantiated. Notably, this letter was made part of the record in the underlying criminal case when it was attached to appellant's motion for an in-camera inspection of records on December 16, 2011. The state replied to appellant's motion on December 22, 2011, by attaching an affidavit from the letter's author stating that it pertained to a different allegation not involving appellant.

{¶ 7} The state filed a response to appellant's motion for leave to file a delayed motion for new trial, in which it argued, among other things, that the information in K.T.'s affidavit was not newly discovered evidence, as she testified at trial to the interaction with the prosecutor, and the letter from Erie County Department of Job and Family Services was not newly discovered evidence since it was included in the record.

{¶ 8} On March 14, 2018, the trial court summarily denied, without a hearing, appellant's motion for leave to file a delayed motion for new trial.

3.

## II. Assignments of Error

{¶ 9} Appellant has timely appealed the trial court's March 14, 2018 judgment, and now asserts two assignments of error for our review:

1. The trial judge abused his discretion when he denied Appellant's Leave to File [a] Delayed Motion for New Trial Pursuant to Criminal Rule 33(A)(6). The trial court erred when it refused to grant Appellant's leave.

2. The trial judge erred by not holding a hearing on the Appellant's Leave to File [a] Delayed Motion for New Trial Pursuant to Criminal Rule 33(A)(6).

## III. Analysis

{¶ 10} Because appellant's assignments of error pertain to the same subject matter, we will address them together.

{¶ 11} Crim.R. 33(A)(6) provides, "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶ 12} Regarding the time when motions for a new trial may be filed, Crim.R. 33(B) states, in pertinent part,

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the

4.

defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 13} Here, because more than 120 days had elapsed since the decision of the court was rendered, appellant moved for leave to file a delayed motion for a new trial. "Under the rule, the moving defendant must prove by 'clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence' on which the motion for a new trial is based." *State v. Sandoval*, 6th Dist. Sandusky Nos. S-13-032, S-13-034, 2014-Ohio-4972, ¶ 13, quoting Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *Id.*, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "A defendant is entitled to a hearing on his motion for leave if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *State v. Gray*, 8th Dist. Cuyahoga No. 94282, 2010-Ohio-5842, ¶ 20, quoting *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

{¶ 14} We review the denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-

5.

Ohio-3959, ¶ 12. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} Upon our review of the evidence attached to appellant's motion, we find that he has not demonstrated by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which his motion is based.

{¶ 16} Regarding the 2011 letter from Erie County Department of Job and Family Services, we find that the letter was introduced by his own counsel in the underlying criminal case. Thus, any claim that appellant only now learned about the letter, or that he could not have learned about it despite reasonable diligence, is wholly without merit.

{¶ 17} Regarding K.T.'s affidavit, we find that, contrary to appellant's assertion, K.T.'s affidavit is not a direct recantation of her trial testimony, but rather is a description of the factual encounter that she had with the prosecutor, and an explanation why she initially made the allegations against her father. Assuming that the statements in the affidavit are true, this information would have been known to appellant at the time of the trial because both K.T. and the prosecutor testified at trial regarding their interaction in which K.T. attempted to recant and the prosecutor threatened that making false accusations was a crime. Likewise, K.T.'s subsequent explanation that she made up the allegations so that she could be with appellant's friend would have been known to appellant because she stated that appellant knew of and disapproved of their relationship.

6.

**{¶ 18}** Furthermore, K.T.'s affidavit fails to offer any reason why it could not have been obtained sooner. "[I]t has been squarely held that 'the use of an affidavit signed outside of the time limit [under Crim.R. 33(B)] that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the evidence could not have been obtained within the prescribed time period.'" *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 25, quoting *State v. Franklin*, 7th Dist. Mahoning No. 09 MA 96, 2010-Ohio-4317, ¶ 20; *Sandoval*, 6th Dist. Sandusky Nos. S-13-032, S-13-034, 2014-Ohio-4972, at ¶ 16.

**{¶ 19}** Therefore, we hold that the documents on their face do not support that appellant was unavoidably prevented from discovering the evidence at issue.

**{¶ 20}** Finally, we also recognize that appellant's delay in filing the motion itself was unreasonable. While "Crim.R. 33(B) itself does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial, subsequent case law has adopted a reasonableness standard." *Willis* at ¶ 20. "A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence." *Id.* "If there has been 'an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay.'" *Id.*, quoting *State v. Griffith*, 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶ 16.

7.

{¶ 21} Here, K.T.'s affidavit was dated January 10, 2017.  However, appellant did not file his motion for leave to file a delayed motion for new trial until more than a year later, on February 1, 2018.  Appellant did not address this delay in the trial court, but on appeal now suggests that it was due to the fact that he is limited to 30 minutes per day to work on any legal paperwork while in prison.  Even given these time constraints, we find that a delay of over a year between the discovery of the "new evidence," and appellant's filing of his motion is unreasonable.

{¶ 22} Accordingly, we hold that appellant has failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the allegedly new evidence.  Moreover, we hold that the documents submitted by appellant do not demonstrate on their face that he was unavoidably prevented from discovering the new evidence, and appellant's delay in filing his motion was unreasonable.  Therefore, we hold that the trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial without a hearing.

{¶ 23} Appellant's first and second assignments of error are not well-taken.

### IV. Conclusion

{¶ 24} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                              JUDGE
Arlene Singer, J.          

Thomas J. Osowik, J.          _____
CONCUR.                                        JUDGE

                              _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.