[Cite as *State v. Taylor*, 2019-Ohio-3128.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                            Court of Appeals No. L-19-1090

        Appellee                                  Trial Court No. CR0201003247

v.

Terrance Taylor                                         **DECISION AND JUDGMENT**

        Appellant                                  Decided:  August 2, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Terrance Taylor, pro se.

* * * * *

**SINGER, J.**

{¶ 1} In this accelerated appeal, Terrance Taylor ("appellant") appeals from the

April 9, 2019 judgment of the Lucas County Court of Common Pleas, where his motion

for leave to file a motion for a new trial was denied.  Finding no error, we affirm.

{¶ 2} Appellant was convicted of murder in violation of R.C. 2903.02(B) and 2929.02, and aggravated robbery in violation of R.C. 2911.01. Both counts carried gun specifications pursuant to R.C. 2941.145, and were originally merged as allied offenses for sentencing purposes. The trial court improperly dismissed the aggravated robbery count as a result of the merger, and we reversed and ordered that appellant be resentenced to reinstate the robbery conviction. *See State v. Taylor*, 6th Dist. Lucas No. L-11-1202, 2013-Ohio-5182. More specifically, we held "that the trial court failed to follow the proper procedure for merging allied offenses in its treatment of the merged offense of aggravated robbery[.]" *Id*. at ¶ 53. The Supreme Court of Ohio denied review of our judgment. *See State v. Taylor*, 139 Ohio St.3d 1471, 2014-Ohio-3012, 11 N.E.3d 1193.

{¶ 3} On remand, the trial court resentenced appellant to the same amount of prison time without dismissing his aggravated robbery conviction. Specifically, the court ordered appellant to serve an indefinite term of 15 years to life in prison on the murder conviction, and an additional mandatory consecutive three-year term on the accompanying firearm specification. We affirmed. *See State v. Taylor*, 6th Dist. Lucas No. L-14-1188, 2015-Ohio-2946.

{¶ 4} On September 12, 2018, more than three years after his resentencing, appellant sought leave to file a motion for a new trial based on newly-discovered evidence. In particular, appellant pointed to his sister's July 20, 2018 affidavit and argued it reflects that he did not have a fair trial because his substantial rights were materially affected by her false testimony given at trial in June of 2011.

2.

{¶ 5} After articulating the Crim.R. 33 standard and reviewing the content of the affidavit, the trial court denied appellant's motion for leave to request a new trial because the affidavit did not offer any reason why the testimonial evidence presented could not be obtained sooner. The judgment entry was journalized on April 9, 2019. Appellant now timely appeals, setting forth the following assigned error:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL WHEN THE FACTS AND CIRCUMSTANCES SUPPORT APPELLANT'S CLAIM THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE, IN DIRECT VIOLATION OF HIS FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 6} Crim.R. 33, in relevant part, states:

> (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * (6) [w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce

at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 7} We review the denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *See State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 12. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} In this case, we cannot say appellant has met his burden to show leave for a new trial is warranted under Crim.R. 33, for two main reasons: first, the affidavit submitted does not explain why the information could not have been obtained sooner; and second, the affidavit does not present any testimonial evidence from which we can infer appellant's substantial rights were affected.

{¶ 9} Regarding the time when motions for a new trial may be filed, Crim.R. 33(B) specifies that:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the

4.

verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 10} "It has been squarely held that 'the use of an affidavit signed outside of the time limit under Crim.R. 33(B) that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the evidence could not have been obtained within the prescribed time period.'" *See State v. Clyde*, 6th Dist. Erie No. E-18-016, 2019-Ohio-302, ¶ 18, citing *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 25; *State v. Franklin*, 7th Dist. Mahoning No. 09 MA 96, 2010-Ohio-4317, ¶ 20; *State v. Sandoval*, 6th Dist. Sandusky Nos. S-13-032, S-13-034, 2014-Ohio-4972, ¶ 16.

{¶ 11} Here, the sister's affidavit states as follows:

I, Deirdre Taylor swear that the following is true:

1. I, Deirdre Taylor state that on 12-13-10, the detective coerced me into saying what they wanted me to say.

2. I, Deirdre Taylor state that on 12-13-10, I was under duress and held against my free will.

3.  I, Deirdre Taylor state that there was prosecutorial misconduct because I was threatened that I will receive 30 years if I didn't sign the plea bargain and turn state evidence against [appellant].

{¶ 12} This affidavit only articulates vague allegations of police coercion, police-imposed duress, wrongful detention, and prosecutorial misconduct, but provides no link or explanation as to why the testimonial evidence presented in the affidavit could not have been obtained sooner.  We find the affidavit is insufficient to demonstrate the evidence could not have been acquired within the 120 days required under Crim.R. 33(B).

{¶ 13} Moreover, and after careful review of the sister's June 20, 2011 testimony at trial, we find the affidavit cannot stand to show that appellant's substantial rights were materially affected by any facts indicated.  Crim.R. 33 "requires that a determination be made as to whether a defendant's substantial rights have been materially affected." *State v. Johnston*, 39 Ohio St.3d 48, 59, 529 N.E.2d 898 (1988).

{¶ 14} Here, appellant's sister admitted that during her interview with police on December 13, 2010, she lied and withheld the truth in an effort to protect appellant.  For example, the record specifically reveals that, at trial, she responded about her state of mind during the interview as follows:  "I can't recall because [when] I was talking to [police on December 13, 2010,] I was lying and I was trying to protect people [appellant] and I didn't want to tell the truth."  She also explained that, even when she tried to tell police the truth during the interview, she forgot to provide details and that it was because

6.

she was "shook up" after witnessing the killing. We therefore cannot see how, even if true, any police coercion, police-imposed duress, wrongful detention, or prosecutorial misconduct stemming from her interview affected appellant's case.

{¶ 15} Also, numerous witnesses testified about appellant's involvement in the murder, and we cannot say that his sister's testimony was the only evidence to support his conviction. Thus, because we find the sister's testimonial evidence produced from the December 2010 interview and in open court was neither necessary to convict appellant nor relied on by the trier of fact or court below in determining appellant's verdict, conviction, or sentence, we cannot say appellant's substantial rights were materially affected or that he should now be granted leave to file for a new trial.

{¶ 16} Accordingly, we find the trial court did not abuse its discretion in denying appellant's motion, and the sole assignment of error is not well-taken.

## Conclusion

{¶ 17} The April 9, 2019 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Mark L. Pietrykowski, J.                    _____
                                                                JUDGE

Arlene Singer, J.

Gene A. Zmuda, J.                           _____
CONCUR.                                                        JUDGE

                                            _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.