[Cite as *State v. Williams*, 2019-Ohio-3406.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1174

     Appellee                                    Trial Court No. CR0201102568

v.

Samuel Todd Williams                          **DECISION AND JUDGMENT**

     Appellant                                   Decided:  August 23, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Samuel T. Williams, pro se.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Samuel T. Williams, appeals the trial court's July 18, 2018 judgment entry denying his motion for leave to file a delayed motion for a new trial without first conducting a hearing.  For the reasons that follow, we affirm the trial court's judgment.

## I.  Background

{¶ 2} On July 27, 2012, appellant was convicted of two counts of aggravated murder with death penalty specifications, two counts of kidnapping, and one count of aggravated burglary.  Appellant was sentenced to life imprisonment without the possibility of parole for the aggravated murder charges, with those sentences to be served consecutively.  Appellant was also sentenced to a ten-year prison term on each of the remaining charges, to be served consecutive to each other but concurrent with the life sentences.  Appellant's conviction was affirmed on direct appeal.[1]  *State v. Williams*, 6th Dist. Lucas No. L-12-1238, 2015-Ohio-405.

{¶ 3} On August 10, 2017, appellant filed a motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33.  Appellant's motion argued he had discovered new evidence which could not have been discovered through reasonable diligence prior to trial or within the time period required under Crim.R. 33(B).  Appellant attached six affidavits in support of his motion.

{¶ 4} Two of the supporting affidavits were appellant's.  His first affidavit is used solely to verify a letter from his trial attorney, dated June 17, 2013, and attached to his second affidavit, was a true and accurate copy of the original letter.

{¶ 5} Appellant's second affidavit details three items he believes constitute newly discovered evidence which entitles him to a new trial.  First, appellant's motion and

---

[1] The facts underlying appellant's conviction are not relevant to the present appeal other than as described herein.

affidavit identify a witness's perjured testimony as newly discovered evidence. Appellant's affidavit states a detective whose testimony was offered against him at trial committed perjury by intentionally misidentifying appellant's wife's cell phone number as appellant's. Appellant argues that, had the correct cell phone number been attributed to him, cell phone tower data would have placed appellant at a location 15 to 20 miles away from the location of the murders. An affidavit from appellant's wife, Starla-Corwell Williams, dated April 20, 2017, identifies the phone numbers assigned to her and appellant at the time of the murders. Her affidavit showing the phone numbers assigned to each of them comports with appellant's contention the detective attributed the wrong number to him at trial, thus preventing him from showing he was not present at the location of the murders when they occurred.

{¶ 6} Affidavits from two other witnesses, Mary Davis and Heather Flores, were submitted to support appellant's claims regarding the detective's testimony. The Davis affidavit indicates she attended appellant's co-defendant's trial on July 25, 2012. There, she heard the same detective testify that appellant did not complete any phone calls to his co-defendant on the night of the murders. Davis advised appellant of this testimony on November 2, 2016. Ms. Flores' affidavit states she had identified a discrepancy between the detective's testimony at appellant's trial and in the detective's June 28, 2012 report following review of a trial transcript. Ms. Flores' affidavit does not describe the nature of the discrepancy. Ms. Flores provided appellant with the transcript and police report on or about March 15, 2017. Appellant's motion is silent as to the relevance of the lack of

3.

phone calls being completed or the alleged police report discrepancy as they relate to his request for leave to file a delayed motion for a new trial.

{¶ 7} Next, appellant argues that newly discovered alibi evidence warranted a new trial. Appellant's affidavit states that he had an undated conversation with his cousin, Larry Gillhouse, who reminded appellant they were at a local bar watching football together on the night of the murders. Mr. Gillhouse reminded appellant this alibi evidence could be corroborated by Edward Flores who was also present at the bar that evening. Appellant was unable to locate Mr. Flores to provide a sworn statement in support of his motion for leave. Appellant asked Heather Flores to assist and she was able to obtain Mr. Flores' affidavit. Mr. Flores' affidavit supports Mr. Gillhouse's claim he was at a local bar with appellant on the night of the murders. Mr. Flores' affidavit was notarized on July 21, 2017.

{¶ 8} Lastly, appellant points to a witness's intent to recant trial testimony offered against him as newly discovered evidence supporting his motion for leave. In support of this position, appellant's motion and affidavit refer to the correspondence from appellant's trial counsel, identified in the first affidavit, which informed appellant that a witness who testified on behalf of the state at his trial left a voicemail with counsel's answering service on June 6, 2013. The message indicated the witness wanted to recant his testimony under threat from "certain people." The correspondence does not indicate whether the voicemail referenced any certain testimony the witness intended to recant. The date of the letter itself and the voicemail referenced therein were dated nearly a year

4.

after appellant's July 27, 2012 conviction and sentencing. Both were dated more than four years before appellant filed his motion for leave to file a delayed motion for new trial on August 10, 2017.

{¶ 9} On September 1, 2017, the state filed its motion to dismiss appellant's motion for leave arguing it was untimely since it was not filed within 120 days after the jury verdict as required by Crim.R. 33(B) or within a reasonable time after discovery of the new evidence. The state further argued that the cell phone and alibi evidence are not new evidence as appellant's phone number and his location on the night of the murders should have been known to him during the trial. Therefore, he is unable to satisfy his burden to show that he had no knowledge of the evidence and could not have discovered it in time to present it at trial. With regard to a witness potentially recanting his testimony, the state argues appellant unreasonably waited more than four years after discovery of that evidence to file his motion for leave. As a result, this unreasonable delay warranted denial of appellant's motion.

{¶ 10} On September 26, 2017, in response to the state's motion, appellant filed a "Reply, Response Memorandum of Law." In addition to restating his initial arguments, appellant's reply stated that due to his incarceration, he was unable to obtain a copy of the voicemail message or obtain affidavits from the witness or his trial counsel regarding the state's witness recanting his testimony. Appellant did not describe any efforts made to obtain this information. Appellant's reply also requested the trial court delay any

5.

hearing on his motion to afford him time to obtain those affidavits pursuant to Crim.R. 33(A)(6).

{¶ 11} The state filed its reply in support of its motion to dismiss on October 6, 2017. The state, in addition to reaffirming its prior arguments, also noted appellant's failure to identify the date of the conversation with Mr. Gillhouse in which he learned of the alibi evidence. This, the state argued, prevented the trial court from determining whether appellant's motion was filed within a reasonable time after the discovery of appellant's alibi evidence. Appellant filed his second reply on October 19, 2017. In that filing, appellant argued there was no statutory requirement his motion be filed within a reasonable time following his discovery of the evidence as the state contended. He did not address whether the delay in filing his motion for leave was reasonable.

{¶ 12} On July 18, 2018, without conducting a hearing, the trial court summarily denied appellant's motion for leave to file a delayed motion for new trial. Appellant timely appealed the trial court's denial and assigns a single assignment of error for our review:

> The trial court committed prejudicial error when the court failed to conduct an evidentiary hearing to determine whether the defendant was unavoidably prevented from discovering new evidence in time to file a new trial motion in violation of R.C. 2945.79(F).

6.

## II. Law and Analysis

{¶ 13} Initially, we note the merits of appellant's arguments for a new trial are not before us. Prior to filing a motion for a new trial more than 120 days after the jury verdict, a defendant must first seek leave of court to file the delayed motion. Crim.R. 33(B); *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893. The trial court denied appellant's motion for leave to file his motion for a new trial. Therefore, we do not address whether appellant's arguments are sufficient to warrant a new trial. Instead, we must determine only whether the trial court's denial of appellant's motion for leave without first conducting a hearing was error.

{¶ 14} We review the denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *State v. Willis,* 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 12. That abuse of discretion standard is extended to a trial court's decision whether or not to hold an evidentiary hearing on a defendant's motion for leave. *Peals* at ¶ 23. An abuse of discretion connotes the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983). Utilizing this standard, we will determine whether the trial court abused its discretion in declining to conduct an evidentiary hearing prior to denying appellant's motion for leave.

{¶ 15} Motions for new trial are governed by Crim.R. 33(A)(6) which states "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * (6) When new evidence material to the

7.

defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial." Crim.R. 33(A)(6). Crim.R. 33(B) provides the time in which motions for a new trial may be filed:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B). In addition to the time constraints established in Crim.R. 33(B), this court, like many Ohio courts, requires defendants to file a motion for leave to file a delayed motion for a new trial within a reasonable amount of time following the discovery of new evidence. *Peals* at ¶ 22, citing *State v. Unsworth*, 6th Dist. Lucas Nos. L-09-1205, L-09-1206, 2010-Ohio-398, ¶ 18.

{¶ 16} It is undisputed that appellant did not file a motion for new trial within 120 days of the jury rendering its verdict on July 27, 2012. Instead, appellant relies on Crim.R. 33(B) which permits him to seek leave to file a delayed motion for new trial on account of newly discovered evidence once that deadline has passed. Such a motion is only granted when a defendant provides "'clear and convincing proof that the defendant

8.

was unavoidably prevented from the discovery of the evidence' on which the new trial is based." *State v. Sandoval,* 6th Dist. Sandusky No. S-13-032, S-13-034, 2014-Ohio-4972, ¶ 13, quoting Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Clyde*, 6th Dist. Erie No. E-18-016, 2019-Ohio-302, ¶ 13, citing *Sandoval* at ¶ 13.

{¶ 17} While the threshold established in Crim.R. 33(B) for determining whether to grant leave to file a delayed motion for a new trial requires clear and convincing evidence, that standard does not apply to a defendant's right to an evidentiary hearing on their motion for leave. *Clyde* at ¶ 13. Instead, "[a] defendant is entitled to a hearing on his motion for leave if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *Id.*, citing *State v. Gray*, 8th Dist. Cuyahoga No. 94282, 2010-Ohio-5842, ¶ 20. Therefore, we review appellant's motion for leave and supporting affidavits to determine whether on their face they support his claim he was unavoidably prevented from timely discovering the new evidence.

{¶ 18} The new evidence identified by appellant fall into three categories: (1) evidence that a detective whose testimony was offered against appellant at trial committed perjury by attributing an incorrect phone number to appellant, (2) evidence

9.

that appellant was at a local bar at the time of the murders, and (3) evidence that a witness who provided testimony against appellant later recanted that testimony.

{¶ 19} With regard to the detective's testimony, appellant's filings suggest the detective testifying on behalf of the state attributed a cell phone number to appellant's wife which actually belonged to him. Appellant argues this was an intentional misstatement since attributing the cell phone number to appellant would have harmed the state's case by placing him on the East side of Toledo, 15 to 20 miles from the scene of the crime based on cell phone tower data introduced at trial. Appellant's supporting documents fail to describe, however, how he was unavoidably prevented from discovering his own cell phone number during the trial or within the time period described in Crim.R. 33(B).

{¶ 20} In the trial court's entry denying appellant's motion, it notes appellant was present for the detective's testimony. Appellant therefore had the opportunity to cross-examine the detective or present his own evidence refuting that testimony. Indeed, appellant's trial counsel addressed the phone number issue in his closing argument when he stated "[t]hat phone from Mr. Williams approximately 10, 12 minutes before this happened, was on the East Side some 30 minutes away." Clearly, the identification of the phone number attributable to appellant is not new evidence. Not only was the information available for appellant's use at trial, it was in fact used at trial. The fact appellant and his wife signed affidavits concerning the cell phone numbers years after his conviction does not mean he was unavoidably prevented from timely discovering that

10.

evidence. Those affidavits simply identify information that was known to appellant at the time of trial. Therefore, appellant's motion and the supporting affidavits do not, on their face, support his claim he was unavoidably prevented from discovering his own cell phone number through reasonable efforts for use at trial. The trial court was not required to conduct a hearing on appellant's motion for leave with regard to this evidence.

{¶ 21} We next turn to appellant's argument regarding his newly discovered alibi evidence. The trial court's entry concludes "if defendant had an alibi for the time of the crime, then he surely would have known that prior to trial." Indeed, this conclusion has been reached by other Ohio courts. *See State v. Martin,* 8th Dist. Cuyahoga No. 87171, 2006-Ohio-4582; *State v. Bridges*, 8th Dist. Cuyahoga No. 102930, 103090, 2015-Ohio-5428. However, Ohio courts have also recognized circumstances in which a defendant was unable to discover alibi evidence prior to trial despite reasonable efforts. *See State v. Love*, 1st Dist. Hamilton Nos. C-050131, C-050132, 2006-Ohio-6158. Therefore, it is possible for a defendant to submit documents showing they were unavoidably prevented from discovering alibi evidence prior to trial which would support the need for a hearing on a motion for leave. Appellant, however, failed to file any documents which show why or how he was unavoidably prevented from timely discovering this alibi evidence.

{¶ 22} The portion of appellant's affidavit and motion addressing alibi evidence relies on a conversation he had with his cousin, Larry Gillhouse. In that conversation, Mr. Gillhouse informed appellant that they were together at a local bar the night of the murders. Mr. Gillhouse also identified two witnesses who could verify appellant's

11.

presence at the bar. Appellant's affidavit and motion recounts his efforts to locate one of those witnesses, Edward Flores. Being unable to locate Mr. Flores on his own, appellant asked Mr. Flores' cousin, Heather Flores, to assist in obtaining an affidavit verifying appellant's location the night of the murders, which she did.

{¶ 23} Despite describing the process of obtaining the supporting affidavit from Mr. Flores, appellant again provides no explanation as to why he was unavoidably prevented from timely discovering this information. Appellant's affidavit does not provide any reason why he could not have recalled this evidence on his own. Additionally, appellant does not provide a date on which his conversation with Mr. Gillhouse occurred. Moreover, appellant did not provide a sworn statement from Mr. Gillhouse regarding when this conversation occurred and did not identify any reason why the information Mr. Gillhouse provided could not have been obtained through reasonable efforts prior to trial as, according to appellant, it took only one conversation to obtain the information. While appellant's inability to locate Mr. Flores may have caused some delay in securing that affidavit, it does not explain any reason why appellant's conversation with Mr. Gillhouse could not have occurred in a timely manner for purposes of discovering this evidence prior to trial. Because the documents regarding alibi evidence do not on their face support appellant's claim he was unavoidably prevented from timely discovering this evidence, he has failed to establish he was entitled to a hearing on that issue.

12.

**{¶ 24}** Lastly, appellant claims that that he was unavoidably prevented from discovering a witness presented by the state at his trial intended to recant his testimony a year after appellant's conviction. Appellant first learned of this information through correspondence from his trial counsel dated June 27, 2013. The correspondence from appellant's trial counsel indicated he received a voicemail from the witness stating the witness wished to recant his testimony. The correspondence makes no reference to the specific testimony the witness intended to recant. In his September 26, 2017 reply in support of his motion, filed more than four years after the date of that correspondence, appellant acknowledged he had not yet obtained a copy of the voicemail and had not discussed the matter with his trial counsel to obtain additional supporting documents. In that reply, appellant specifically requested the trial court not schedule a hearing on his motion until he was able to provide that information. No supplemental filing providing this information was made in the time between appellant's request and the trial court's order denying the motion nearly a year later. This failure to actually identify the supporting evidence was noted by the trial court in its denial of appellant's motion. It is axiomatic that a motion for leave to file a delayed motion for new trial based on newly discovered evidence must identify the newly discovered evidence. Appellant here, despite having ample time, has failed to provide the newly discovered evidence he believes entitles him to a new trial based on a witness recanting his testimony.

**{¶ 25}** Even assuming trial counsel's letter sufficiently identifies new evidence related to recanted testimony, appellant's motion and supporting affidavit fails to identify

why he was unable to obtain this evidence prior to trial. In *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, this court considered the necessity of a hearing when witnesses recant their testimony. There, the defendant filed a motion for leave to file a delayed motion for new trial following receipt of affidavits from two witnesses who specifically recanted the testimony they offered against the defendant at trial. *Id.* at ¶ 3. After review of the affidavits, the trial court concluded they did not include clear and convincing evidence as to why they could not have been obtained within the 120 days established in Crim.R. 33(B). *Id.* at ¶ 6. The defendant appealed arguing the trial court's failure to conduct a hearing prior to denying his motion was error. *Id.* at ¶ 8. Our review of those affidavits concurred with the trial court's assessment concluding "[n]othing in those affidavits explains when or why the affiants decided to recant their trial testimony." *Id.* at ¶ 24. We then stated "the use of an affidavit signed outside of the time limit [under Crim.R. 33(B)] that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing evidence proof that the evidence could not have been obtained within the prescribed time period." *Id.* at ¶ 25, citing *State v. Franklin*, 7th Dist. Mahoning No. 09 MA 96, 2010-Ohio-4317, ¶ 20. Without any explanation as to why the affidavits were delayed, we held "[t]here is simply no information in appellant's initial motion that would allow for a conclusion of unavoidable delay." *Id.* at ¶ 25. We reach the same conclusion here.

{¶ 26} Appellant's motion references only the letter from his trial counsel informing appellant a witness left a message on counsel's answering service indicating

14.

the witness wished to recant testimony he offered against appellant at trial. The letter from trial counsel and appellant's motion lack any reference to unavoidable delay in discovering the witness's intent to recant his testimony. The affidavits in *Peals* were signed by the witnesses themselves and specifically identified the testimony they recanted. Nonetheless, those affidavits were held insufficient to warrant a hearing on the defendant's motion for leave because they failed to identify any information constituting an unavoidable delay in discovering their recanted testimony. Here, appellant's reference to correspondence from his trial counsel, without identifying a basis for his unavoidable delay in discovering this information, is likewise deficient.

{¶ 27} While appellant attempts to extend a purported blanket recantation of testimony offered against him by a witness for the state to warrant a new trial, he has not described any reason why he was unable to timely discover the specific information which could support his claim for a new trial. The failure to provide this information is made more significant by the fact appellant specifically requested time to pursue this evidence but still failed to explain the delay. Based on this, we conclude appellant's reference to a blanket recantation of testimony by the state's witness without any explanation for the delay in obtaining this information is insufficient on its face to support appellant's motion for leave. Therefore, the trial court did not err in declining to hold a hearing before denying appellant's motion for leave based on the suggestion of recanted testimony.

15.

**{¶ 28}** Moreover, appellant waited until August 10, 2017, more than four years after the date of the correspondence from his trial counsel, to file his motion for leave. When seeking leave to file a delayed motion for a new trial, the motion for leave must be filed "within a reasonable time after discovering the evidence." *Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, at ¶ 22. If appellant's delay in filing is unreasonable, the trial court is not required to conduct a hearing prior to ruling on the motion. *Id.* at ¶ 22; *see also Clyde*, 6th Dist. Erie No. E-18-016, 2019-Ohio-302.

**{¶ 29}** Appellant's only reference to delay throughout his motion and affidavit is his incarceration. While limitations due to incarceration may have impeded appellant's immediate filing of his motion after receiving trial counsel's correspondence, we find appellant's delay of four years in filing his motion without any further explanation is unreasonable. *See Clyde* at ¶ 21 (holding that filing a motion for leave more than a year after discovery of new evidence is unreasonable even under the restrictions of incarceration). When a motion for leave to file a delayed motion for new trial is not filed within a reasonable time, the trial court is not required to hold a hearing. *Id.* at ¶ 22-23; *State v. Gavin*, 4th Dist. Scioto No. 17CA3806, 2018-Ohio-536, ¶ 16-17. Because appellant's delay in filing his motion for leave was unreasonable, the trial court did not err in ruling on appellant's motion without first conducting a hearing.

**{¶ 30}** The motion and affidavits appellant submitted, on their face, do not support his claim he was unavoidably prevented from timely discovering new evidence which would entitle him to a new trial. Further, appellant's four-year delay in filing his motion

16.

for leave with regard to evidence a witness intended to recant his testimony was unreasonable. Therefore, the trial court did not abuse its discretion in declining to conduct a hearing before ruling on appellant's motion and his assignment of error is found not well-taken.

### III. Conclusion

{¶ 31} We find appellant's assignment of error not well-taken. We therefore affirm the July 18, 2018 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

                                                         JUDGE

Thomas J. Osowik, J.

                                           _____

Gene A. Zmuda, J.                                      JUDGE
CONCUR.

                                           _____

                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.